```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION
```

CHARLIE L. JONES,                :
                                 :
    Plaintiff,                   :       CIVIL ACTION
                                 :
v.                               :       NO. 1:12-CV-3546-TWT
                                 :
MARQUIS MITCHELL,                :
                                 :
    Defendant.                   :

### ORDER, FINAL REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, proceeding pro se, seeks to file this civil action without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a). Upon consideration of Plaintiff's affidavit of indigency, [Doc. 1], Plaintiff's request to proceed in forma pauperis is hereby **GRANTED** for the purpose of dismissal; however, service **SHALL NOT ISSUE** at this time. The undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court may dismiss a pro se in forma pauperis complaint if the court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim for which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.

Here, Plaintiff alleges that he obtained a judgment against Defendant in a state court action, which Defendant has refused to satisfy. [Doc. 1-1 at 1]. Although Plaintiff's complaint is not clear on this point, it appears to the undersigned that Plaintiff is seeking enforcement of his state court judgment in federal court.

After carefully reviewing the complaint, the undersigned finds that, on the basis of the facts alleged, the Court is without subject matter jurisdiction to hear this case. "Federal courts exercise limited subject matter jurisdiction, empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). Congress has granted the federal courts with jurisdiction over diversity actions and cases raising a federal question. See 28 U.S.C. §§ 1331 and 1332.

First, the undersigned finds that diversity jurisdiction would not be appropriate. Under § 1332(a), a diversity action requires the parties to be citizens of different states and the amount in controversy to exceed $75,000. Here, neither requirement appears to be met. Plaintiff alleges that both he and Defendant are Georgia residents, [Doc. 1 ¶ 13]; [Doc. 1-1 ¶ 1], and he only seeks judgment in the amount of $4,500. [Doc. 1-1 ¶ 3]. Thus, the Court does not have jurisdiction under § 1332.

Additionally, the undersigned finds that Plaintiff's complaint does not raise a federal question. Whether federal question jurisdiction exists "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987) (citation omitted). Here, the thrust of Plaintiff's complaints appears to be the enforcement of his state court judgment in federal court. Plaintiff, however, does not allege the cause(s) of action on which he prevailed in state court, nor does he identify any federal statute under which the action was brought. Thus, nowhere on the face of his complaint does Plaintiff assert a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Therefore, the Court does not have subject matter jurisdiction pursuant to a federal question. See Hazen Research, Inc. v. Omega Minerals, Inc., 497 F.2d 151, 154 n.1 (5th Cir. 1974) ("[A] fight over the enforcement of a state court judgment is not automatically entitled to a federal arena.");[1] Ramirez v. Gonzalez, No. 6:08-cv-20-Orl-19GJK, 2008 WL 190589, at *1 (M.D. Fla. Jan. 22, 2008) (finding no

---

[1] Decisions of the Fifth Circuit rendered on or before September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

3

federal question subject matter jurisdiction when plaintiff merely sought enforcement of Nevada state court judgment).

Accordingly, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for lack of subject matter jurisdiction. The Clerk is **DIRECTED** to submit this matter to the District Court and **DIRECTED** to refrain from forwarding the Complaint to the United States Marshal's Service for the purpose of effecting service unless and until the District Judge so orders.

**SO ORDERED, REPORTED AND RECOMMENDED**, this 23rd day of April, 2013.

    s/ *E. Clayton Scofield*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE